**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 31, 2005
Decided April 25, 2005

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-1406

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the |
| | Northern District of Illinois, |
| *v.* | Eastern Division. |
| | |
| JOSE MARIA GONZALES, | No. 03 CR 216 |
| *Defendant-Appellant*. | |
| | Joan B. Gottschall, *Judge*. |

**O R D E R**

After a jury convicted Jose Maria Gonzales of transporting nearly 1,500 kilograms of marijuana hidden in a load of cabbage, of all places, the district court sentenced him to 360 months in prison. The sentence was imposed by the judge, reluctantly as we shall see, under the then-existing view that federal sentencing guidelines were mandatory. Gonzales appealed his sentence on a number of grounds related to the district court's application of the guidelines. Since his appeal was filed, the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005), and we followed with United States v. Paladino, 401 F.3d 471 (7th Cir. 2005).

In Paladino, we concluded that, in order to determine whether a defendant was prejudiced by a sentence imposed under the mandatory regime (Gonzales failed to raise the argument in the district court and must show plain error in order to prevail),

we generally will order a limited remand to determine whether the district court would have imposed the same sentence had it known that the guidelines were advisory. <u>See id.</u> In those cases, if the district court then tells us that it would have given the defendant a different sentence, we will vacate the sentence and remand for resentencing. <u>Id.</u>

In this case, a limited remand serves no purpose. The point of the limited remand is to determine what the district court would have done if it had known that the guidelines were advisory. And, here, the district court clearly suggested that it would have imposed a lower sentence. The judge told Gonzales on a number of occasions that she did not think she could legally depart from the sentencing guidelines, eventually conceding: "This is a perfect example of what Justice Kennedy is complaining about, about sentencing that is so severe that it raises -- that it's not justice and that it raises real questions of morality. I'm perfectly happy with that. But I don't feel, without quitting my job, that I can evade the requirements of the law on this sentence." Given this statement of angst by the judge, even the government agrees that there is no reason to send the case back on a limited remand. Thus, we skip the extraneous step and VACATE Gonzales's sentence and REMAND the case for resentencing.